___



SO ORDERED,

*Edward Ellington*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: March 31, 2014**

The Order of the Court is set forth below. The docket reflects the date entered.
___

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTIRCT OF MISSISSIPPI
## JACKSON DIVISION

**IN RE:**     **Irma Brown**
            **Debtor**

**CHAPTER 13 BANKRUPTCY**
**Case No. 09-00006-EE**

### ORDER OF APPROVAL OF COMPROMISE AND SETTLEMENT

THIS MATTER CAME ON for the Court's Consideration on Debtor Irma Brown's Motion for Approval of Compromise and Settlement, *nunc pro tunc.* and after notice and no objections to the relief sought having been filed, the Court hereby finds as follows:

1. Debtor, Irma Brown, filed a petition for relief under Chapter 13 Bankruptcy of the United States Bankruptcy Code.

2. Debtor had a claim against Kuhlman Electric Corporation and/or other Defendants arising out of alleged exposure to PCBs from the Kuhlman Electric facility in Crystal Springs, Mississippi, in a lawsuit styled *James Alford, et al. vs. Kuhlman Corporation, et al., Civil Action No. 3:07CV756-HTW-LRA*. The suit was for personal injury.

3. The Debtor failed to list or disclose this claim in the original schedules.

4. A settlement of the Debtor's claim has been reached, whereby Kuhman agreed to pay a gross settlement of $12,061.68 and Dickinson/Wright agreed to pay $2,352.02, with an

additional $1,000.00 to Debtor as a Plaintiff enhancement, both in full and complete settlement of said claim. (The proposed Settlement Statement was attached to the Motion as Exhibit "1").

5.   Undersigned counsel proposing this Order has, in the contemporaneous motions before this Court, informed the court that he had been retained by certain firms, namely Freese & Goss, PLLC; Bossier & Associates, PLLC; and Sweet & Associates, who were three of the firms representing the Debtor in the underlying civil litigation. Undersigned counsel informed the court that he was retained by those firms to process through proposed documents seeking to have the settlement and proceeds approved by this court. Undersigned counsel, as shown in the Certificates of Service for the contemporaneous pleadings, informed the court that he had taken steps to send notice of this motion and its filing to the other interested law firms in the underlying civil matter, namely the law firm of Don A. Mitchell and the McHugh Fuller Law Group, PLLC, on or about the date of the Motion, and no response was timely filed by any other interested party in this matter.

6.   The settlement is in the best interest of the bankruptcy estate and its creditors. That any recovery, by settlement or judgment, shall be paid directly to the Trustee for future distribution to any qualifying creditors, payment for the attorney's fees and expenses allowed by separate court order, and then payable to the Debtor. The settlement complies with the Fifth Circuit standards for approving compromise and settlements.

THEREFORE, IT IS ORDERED, *nunc pro tunc*, that the settlement offer from Kuhlman Electric Corporation as set out in the Settlement Statement is in best interest of this estate and its creditors, and is hereby approved as a compromise and settlement of the claim, and the proceeds as set out in the Motion may be distributed to qualified creditors and/or for payment of

governmental liens, then with the attorneys' fees and expenses amount transferred according to further Court order, with the remainder going to the Debtor.

#END OF ORDER#

Submitted by:

/s/Rick D. Patt_____
Rick D. Patt (MB # 8747)
PATT LAW FIRM, PLLC
P.O. Box 1080
Jackson, Mississippi 39215-1080
Telephone:  (601) 961-1660
Facsimile:   (601) 510-9045
rick@pattlawfirm.net